Kevin I. Shenkman, SBN 223315
Mary Ruth Hughes, SBN 222662
Andrea Alarcon, SBN 319536
SHENKMAN & HUGHES, PC
28905 Wight Road
Malibu, California 92605
Phone: (310) 457-070

Attorneys for MIDWEST BUSINESS CAPITAL, a division of UNITED MIDWEST SAVINGS BANK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>SONYA MARIE THERIAULT,<br><br>Debtor. | Case No. 2:18-bk-10458-BR<br><br>Chapter 7<br><br>**NOTICE OF MOTION AND MOTION TO VACATE OR MODIFY DISCHARGE ORDER, AND/OR RE-OPEN CASE AND VACATE DISMISSAL ORDER; DECLARATION OF KEVIN I. SHENKMAN**<br><br>**Hearing**<br>Hearing Date:    TBD<br>Hearing Time:    TBD<br>Courtroom:    1668 |

MOTION TO VACATE OR MODIFY DISCHARGE ORDER
AND/OR RE-OPEN CASE AND VACATE DISMISSAL ORDER

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE; AND OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on _____ at _____ or as soon thereafter as the matter may be heard in Courtroom 1668 of the above-entitled court located at 255 East Temple Street, Suite 1660, Los Angeles 90012 movant Midwest Business Capital, a division of United Midwest Savings Bank ("MBC" or "Movant"), will move this Court for an order to vacate or modify the order of discharge [Docket No. 23] as to MBC. To the extent necessary, MBC will also move this court for an order re-opening the bankruptcy case and vacating any dismissal orders. This motion is made pursuant to 11 U.S.C. § 105 on the grounds that debtor Sonya Marie Theriault ("Theriault") filed her bankruptcy petition in bad faith and with the sole intention to frustrate MBC's effort to obtain the collateral in which it has a security interest.

This motion is based upon this notice, the memorandum of points and authorities in support of the motion, the Motion for Relief from the Automatic Stay (which has been filed concurrently with this notice, and which has been incorporated by reference), all moving papers, the court file of which judicial notice is requested, and such other oral or documentary evidence as may be presented at or before the time of hearing of this motion.

DATED: May 8, 2018         SHENKAN & HUGHES, PC


By:   /s/ Kevin I. Shenkman
         KEVIN I. SHENKMAN
Attorneys for MIDWEST BUSINESS CAPITAL, a
division of UNITED MIDWEST SAVINGS BANK

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND FACTUAL BACKGROUND

By this motion, movant Midwest Business Capital, a division of United Midwest Savings Bank ("MBC" or "Movant") requests that this Court enter an order modifying the order of discharge (the "Discharge Order") [Docket No. 23], which was entered through the court's "automatic discharge" program. MBC respectfully submits that the circumstances of this case do not lend themselves to the type of mechanical application the program was meant to address.

As explained more fully in MBC's concurrently filed motions for relief from stay[1], MBC is a secured creditor with a perfected security interest in certain inventory, equipment, tangible property, and the proceeds thereof (collectively, the "Collateral"). Debtors Sonya Marie Theriault ("Theriault") and ST Designs LLC ("ST Designs") have taken wrongful possession of the Collateral and have used the bankruptcy process to hinder MBC's attempts to reclaim it. Previously, MBC obtained a joint and several judgment from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida against Castle Design Interiors, Inc., Susan Martinez (Theriault's mother), and Jared Martinez. As a result, MBC was, and is now, entitled to satisfy its judgment by taking possession of its Collateral.

In order to hide the Collateral from MBC, Ms. Martinez and her daughter, Theriault, caused the Collateral to be loaded into trucks and transported to a warehouse in Los Angeles in approximately April 2011. In or about, August 2016, MBC filed an Application for Entry of Judgment on Sister State Judgment in the Superior Court for the County of Los Angeles. On August 8, 2016, the Court issued a California judgment in the amount of $2,300,184.13 against Castle and Mr. and Ms. Martinez (the "California Judgment").

On November 14, 2016, MBC filed suit against both debtors in *Midwest Business Capital v. Theriault, et al.* pending in Los Angeles Superior Court (the "State Action"), which is a

---

[1] The entirety of the Motion for Relief from stay is incorporated by this reference.

1
MOTION TO VACATE OR MODIFY DISCHARGE ORDER
AND/OR RE-OPEN CASE AND VACATE DISMISSAL ORDER

prerequisite to seeking a writ of possession for the Collateral. The trial of the State Action had been set for May 14, 2018.

Theriault filed a chapter 7 petition to commence her bankruptcy case on January 16, 2018, just **one day before** the hearing on MBC's application for writ of possession (the "Writ Application") in the State Action. Theriault caused ST Designs to file its chapter 7 petition on March 27, 2018, just **two days before** the continued hearing on the Writ Application.[2] With both defendants in bankruptcy, MBC, out of an abundance of caution, decided to seek relief from stay in both cases. However, two debtors in two separate bankruptcy cases, before two separate judges (and two sets of support staff) would waste substantial judicial resources, create logistical difficulties, and increase the odds of inconsistent results.

On April 2, 2018, the chapter 7 trustee for Theriault's bankruptcy case filed a report of no distribution. On April 3, 2018, counsel for MBC contacted the chapter 7 trustee to request additional time to conduct discovery and bring relevant motions in the case. The chapter 7 trustee informed MBC that he would withdraw the report for a period of 60-days to allow MBC to proceed. **The chapter 7 trustee formally withdrew the report later that same day.** [Docket No. 15].

On April 6, 2018, MBC filed its motion to reassign ST Designs' bankruptcy case (the "Reassignment Motion") to this Court. [Docket No. 16] On April 26, 2018, MBC filed a declaration with the Court to inform it that there was no opposition to the Reassignment Motion. [Docket No. 20]. Later that day, the courtroom deputy contacted counsel for MBC and informed MBC that it would need to file an amended motion with a corrected event number, which would then allow a proposed order to be uploaded. MBC promptly did so. [Docket No. 22].

On April 30, 2018, an order of discharge was entered through the "automatic discharge" program. On May 1, 2018, counsel for MBC contacted the courtroom deputy to inquire about the

---

[2] MBC had elected to continue against ST Designs, which had been a non-bankrupt co-defendant. *Ingersoll-Rand Fin. Corp. v. Miller Mining Co.*, 817 F.2d 1424, 1427 (9th Cir. 1987) ("In the absence of special circumstances, stays pursuant to section 362(a) are limited to debtors and do not include non-bankrupt co-defendants.")

2
MOTION TO VACATE OR MODIFY DISCHARGE ORDER
AND/OR RE-OPEN CASE AND VACATE DISMISSAL ORDER

timing discharge. MBC explained to the deputy that it was waiting for entry of the transfer order to file motions for relief from stay as well as other discovery related motions so that court resources would be preserved. The deputy informed MBC that it would need to file a motion with the Court to explain the events that had occurred and to wait for a response. The deputy also informed MBC that the transfer order would likely be entered that day, which it was. [ST Designs, Docket No. 12].

Thereafter, MBC completed the motions for relief from stay as well as the instant motion.

## II. LEGAL ARGUMENT

### A. THE BANKRUPTCY COURT HAS THE INHERENT AUTHORITY TO PREVENT AN ABUSE OF THE BANKRUPTCY PROCESS BY MAKING AN ORDER GRANTING RELIEF

Section § 105(a) of the Bankruptcy Code grants the Bankruptcy Court broad authority to protect the integrity of its jurisdiction and to prevent abuses of the judicial process and the policies and purposes of the Bankruptcy Code. Section 105(a) states:

> The Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title. No provisions of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent abuse of process."

*Id.*

The inherent power and duty of the bankruptcy judge to protect the bankruptcy system was discussed by the court in *Matter of Nikron, Inc.*, 27 B.R. 773, 777 (Bankr. E.D. Mich. 1983) wherein the court concluded that the bankruptcy judge had the authority to dismiss a Chapter 11 case on his motion in appropriate circumstances.

Further, 28 USC. § 1334(e) gives the court exclusive jurisdiction of all the property of the estate: "The district court in which a case under Title 11 is commenced or is pending shall have exclusive jurisdiction … of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." The court therefore has the power to issue any order respecting the property that may affect the Debtor and any individual to who he

SHENKMAN & HUGHES, PC
28905 Wight Road
Malibu, California 92605
Phone (310) 457-090

3
MOTION TO VACATE OR MODIFY DISCHARGE ORDER
AND/OR RE-OPEN CASE AND VACATE DISMISSAL ORDER

1  may subsequently transfer the property. Regulating subsequent "strawman" bankruptcies is within

2  the Court's power. *In re Wong,* 30 B.R. 87, 89 (Bankr. C.D. Cal. 1983).

3  Moreover, although there is a general rule, under section 349(b), that the closing or

4  dismissal of a bankruptcy case automatically deprives the bankruptcy court of jurisdiction over

5  related proceedings, controlling authority in this Circuit has held that the bankruptcy court may

6  exercise its discretion to retain jurisdiction over adversary proceedings even after the underlying

7  case is dismissed. *In re Carraher*, 971 F.2d 327 (9th Cir. 1992). The Court in *Carraher* as well as

8  its progeny has held that the bankruptcy court may exercise jurisdiction over related proceedings

9  with due discretion given to judicial economy, the convenience of parties, fairness and comity. *Id.*

10 at 328. Furthermore, the Bankruptcy Appellate Panel for the Ninth Circuit held this Court has

11 jurisdiction to make a ruling on a motion to **annul** stay following the dismissal of a bankruptcy

12 petition. *In re Aheong*, 276 B.R. 233, 252 (9th Cir. BAP 2002). Here, all of the requisite factors

13 are present to authorize this Court to retain jurisdiction and grant the requested relief.

14 **B.    THE BANKRUPTCY COURT HAS THE INHERENT AUTHORITY TO**
15 **      CORRECT ADMINISTRATIVE ERRORS**

16 "A case may be re-opened in the court in which such case was closed to administer assets,

17 to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Courts generally consider

18 the following factors when evaluating whether to re-open a case: "(1) the length of time that the

19 case has been closed; (2) whether the [movant] would be entitled to relief if the case were re-

20 opened; and (3) the availability of nonbankruptcy courts, such as state courts, to entertain the

21 claims." *Redmond v. Fifth Third Bank*, 624 F.3d 793, 798 (7th Cir. 2010) (citing *In re Antonious*,

22 373 B.R. 400, 405–06 (Bankr. E.D. Pa. 2007)). A bankruptcy court may also re-open a closed

23 bankruptcy case to correct errors, respond to unanticipated events, or enforce the plan and

24 discharge. *In re Zurn*, 290 F.3d 861, 864 (7th Cir. 2002) (citations omitted).

25 Each of the above factors is met here. The timeline set forth above can be measured in

26 days. Further, the timing of the filings was motivated by a desire to **reduce** the burden on judicial

27 resources by placing both cases before one judge (and one set of supporting staff). MBC is clearly

28 entitled to relief in this case as the issues underlying the State Action, the debtor's bad faith and

fraud (through, among other things, falsely listing MBC as an unsecured creditor even though she knew MBC had a perfected security interest in the Collateral), and the damage that the debtor has caused MBC through her actions.

Furthermore, the automated process does not appear to have acknowledged the fact that the chapter 7 trustee **formally withdrew his report of no distribution** for a period of 60-days so that MBC could investigate and potentially recover additional assets for the bankruptcy estate that could be distributed to all creditors. Even now, there is no final report in this case. Nor has there been any opportunity for the U.S. Trustee or other parties in interest to review that report.

Ultimately, the decision to re-open a bankruptcy case is based on the court's equitable powers. In exercising those powers, a bankruptcy court should avoid overly "technical considerations that will prevent substantial justice." *In re Shondel*, 950 F.2d 1301, 1304 (7th Cir. 1991). MBC respectfully submits that substantial justice requires granting the relief requested herein.

### C.    The Bankruptcy Case was Filed in Bad Faith

A review of the debtor's schedules, the timing of the filing, and the near complete lack of third party creditors provide substantial evidence that the bankruptcy case was filed in bad faith. The Chapter 7 petitions were filed just **one day prior** to the hearing on MBCs application for writ of possession (in the case of Theriault) and **two days prior** to the continued hearing on the same matter (in the case of ST Designs). Based on the foregoing, the bankruptcy filings were specifically made to delay, hinder and interfere with the prosecution of the State Action.

Courts have routinely found bad faith under circumstances similar to those here. *See, e.g.*, *In re Kissinger*, 72 F.3d 107, 109 (9th Cir. 1995) (finding bad faith where a debtor filed for bankruptcy immediately before state trial was to go to jury). Courts have made similar findings in the Chapter 13 context. For example, in *In re Chinichian*, 784 F.2d 1440 (9th Cir. 1986), the Ninth Circuit held that a relevant consideration with respect to whether a Chapter 13 case has been filed in bad faith is "whether 'the debtor only intended to defeat state court litigation.'" *Id*. at 1445−1446.

5
MOTION TO VACATE OR MODIFY DISCHARGE ORDER
AND/OR RE-OPEN CASE AND VACATE DISMISSAL ORDER

In addition, one element of the bad faith nature of Theriault's a bankruptcy filing is her apparent desire to forum shop and take the State Action away from the State Judge. In *In re Silberkraus*, 253 B.R. 890 (Bankr. C.D. Cal. 2000), this Court held that "it constitutes bad faith to file bankruptcy to impede, delay, forum shop, or obtain a tactical advantage regarding litigation ongoing in non-bankruptcy forum — whether that non-bankruptcy forum is a state court or a federal district court." *Id*. at 905. *See also*, *In re Bluebird Ltd. Partnership*, 41 B.R. 540, 543 (Bankr. C.D. Cal 1984) (intent to cause hardship or delay is an abuse). Each of those elements is present here.

### III.    CONCLUSION

Based upon the foregoing, this Court has authority to vacate or modify the order of discharge as to MBC or, to the extent necessary, re-open the bankruptcy case and vacate any applicable dismissal orders. MBC respectfully requests that the court enter an order granting the requested relief, or such other relief as the court deems appropriate to effect substantial justice in this case.

DATED: May 8, 2018                        SHENKAN & HUGHES, PC


By:    /s/ Kevin I. Shenkman
          KEVIN I. SHENKMAN
Attorneys for MIDWEST BUSINESS CAPITAL, a division of UNITED MIDWEST SAVINGS BANK

# DECLARATION OF KEVIN I. SHENKMAN

I, Kevin I. Shenkman, declare as follows:

1. I am an attorney at law duly admitted to practice before all the courts of the State of California and am the attorney of record for movant Midwest Business Capital, a division of United Midwest Savings Bank ("MBC"). I submit this Declaration in support of MBC's Motions for Relief from Stay ("Motion" or "Motions"). I have personal knowledge of the facts and circumstances set forth below, and, if called upon as a witness to testify thereto, I could and would competently testify thereto.

2. In or about, August 2016, MBC filed an Application for Entry of Judgment on Sister State Judgment in the Superior Court for the County of Los Angeles. On August 8, 2016, the State Court issued a California judgment in the amount of $2,300,184.13 against Castle and Mr. and Ms. Martinez (the "California Judgment").

3. Trial in the State Action had been scheduled to begin on May 14, 2018 (before it was continued due to the instant bankruptcy cases).

4. On or about January 16, 2018, Sonya Marie Theriault ("Theriault") filed a Chapter 7 petition as Bankruptcy Case No. 2:18-bk-10458-BR.

5. On or about March 27, 2018, Theriault caused ST Designs LLC ("ST Designs") to file a Chapter 7 petition as Bankruptcy Case No. 2:18-bk-13363-BR (formerly 2:18-bk-13363-BR).

6. On March 28, 2018, I appeared at the previously scheduled hearing to inform the State Court of the bankruptcy and to request that the court schedule a status conference in a few months. At that hearing, the judge in the State Action indicated that he had prepared a tentative ruling prior to being notified of ST Designs' bankruptcy filing just one day prior to the scheduled hearing.

7. On April 2, 2018, the chapter 7 trustee for Theriault's bankruptcy case filed a report of no distribution. On April 3, 2018, our office contacted the chapter 7 trustee to request additional time to conduct discovery and bring relevant motions in the case. The chapter 7 trustee informed

1
DECLARATION OF KEVIN I. SHENKMAN

us that he would withdraw the report for a period of 60-days to allow MBC to proceed. **The chapter 7 trustee formally withdrew the report later that same day.** [Docket No. 15].

8. On April 6, 2018, MBC filed its motion to reassign ST Designs' bankruptcy case (the "Reassignment Motion") to this Court. [Docket No. 16] On April 26, 2018, MBC filed a declaration with the Court to inform it that there was no opposition to the Reassignment Motion. [Docket No. 20]. Later that day, the courtroom deputy contacted me and informed me that I would need to file an amended motion with a corrected event number, which would then allow me to upload a proposed order. The courtroom deputy also requested that I upload a proposed order. I promptly did so. [Docket No. 22].

9. On April 30, 2018, an order of discharge was entered through the "automatic discharge" program. On May 1, 2018, our office contacted the courtroom deputy to inquire about the timing discharge. We explained to the deputy that MBC was waiting for entry of the transfer order to file motions for relief from stay as well as other discovery related motions so that court resources would be preserved. The deputy informed us that we would need to file a motion with the Court to explain the events that had occurred and that the Court would review the motion and provide further instructions. The courtroom deputy also informed us that the transfer order would likely be entered that day, which it was. [ST Designs, Docket No. 12].

10. On May 1, 2018, ST Designs' bankruptcy case was transferred to the Honorable Barry Russell. The case number remains the same except for the change in the judge's initials (2:18-bk-13363-BR).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on May 8, 2018 at Malibu, California.

_____
Kevin I. Shenkman

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

28905 Wight Road, Malibu, CA 90265

A true and correct copy of the foregoing document entitled (*specify*): __Notice of Motion and Motion to Vacate or Modify Discharge Order, And/Or Re-Open Case and Vacate Dismissal Order; Declaration Of Kevin I. Shenkman__

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _May 9, 2018_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _May 9, 2018_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Barry Russell
United Bankruptcy Court - Central District of California
255 East Temple Street, Suite 1660
Los Angeles 90012

**SEE ATTACHED**

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 9, 2018 | Kevin I. Shenkman | /s/ Kevin I. Shenkman |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**ADDITIONAL SERVICE INFORMATION:**

**By NEF OR Electronic Mail**

ATTORNEY FOR SONYA THERIAULT
Aidan Butler
3550 Wilshire Blvd Ste 1924
Los Angeles, CA 90010-2403

CHAPTER 7 TRUSTEE (Sonya Theriault)
Jason M Rund (TR)
Sheridan & Rund
840 Apollo Street, Suite 351
El Segundo, CA 90245

OFFICE OF THE UNITED STATES TRUSTEE:
United States Trustee (LA)
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017

**By US Mail**

Hon. Barry Russell
United Bankruptcy Court - Central District of California
255 East Temple Street, Suite 1660
Los Angeles 90012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.