Aidan W. Butler (SBN 208399)
Attorney at Law
3550 Wilshire Boulevard, Suite 1924
Los Angeles, California 90010
Telephone: (213) 388-5168
Facsimile: (213) 388-5178
tocontactaidan@gmail.com

Attorneys for Debtor SONYA MARIE THERIAULT

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

In re:

SONYA MARIE THERIAULT, an individual,

Debtors.

**CASE NO. 2:18-bk-10458-BR**

**Chapter 7**

**OBJECTION TO LODGED [PROPOSED] ORDER (Doc. No. 41)**

Hearing:

Date: June 6, 2018
Time: 10:00 am
Courtroom: 1668

COMES NOW Debtor SONYA MARIE THERIAULT and submits her Objections to the [Proposed] Order filed by Midwest Business Capital, a division of United Midwest SavingsBank ("MBC" or "Movant") (Doc. No. 41), following the hearing on its Motion for Relief from the Automatic Stay (Doc. 27), as follows:

/ / /

/ / /

/ / /

/ / /

/ / /

# OBJECTION TO [PROPOSED] ORDER

## I. PROCEDURAL BACKGROUND.

The Court heard the Movant's motion on June 6, 2018.

The [Proposed] inaccurately memorializes the Court's order at paragraph 11:

> "Relief from stay is granted to Movant for the purpose of recovering the Collateral (as that term is defined in the Motion) and tracing, including determining ownership of the Collateral, obtaining a writ of possession, and otherwise proceeding under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in any nonbankruptcy forum. Relief from stay is also granted with respect to the enforcement of any monetary judgment against the Debtor for the Debtor's post-petition conduct.
>
> "The stay shall remain in effect with respect to the enforcement of any monetary judgment against the Debtor or property of the Debtor's bankruptcy estate for the Debtor's pre-petition conduct."

The [Proposed] Order does not accurately reflect any ruling or order of this Court. It must be assumed – given the context, and the content of the motion – that the ultimate intended audience of the final order will be a state court judge who may not have extensive knowledge or experience with bankruptcy proceedings. Therefore, it is important that the final order be accurate, and correspond strictly to this Court's actual decision.

The [proposed] order is particularly inaccurate and misleading in the following ways:

1) The Movant did not ask the Court in the motion for permission to determine the *current* ownership of the "collateral" – that is, subsequent to any retail sale by

Debtor within the past few years. While counsel for Movant twice used the term "tracing" in oral argument,[1] the use of the term at the hearing suggested Movant wanted – commendably enough – to ensure that the objects it might now seek and gain possession of through the state court process were in fact traceable back to the allegedly secured corporate entity. In other words, the suggestion at the hearing was that Movant wanted to ensure that it did not erroneously seize the wrong items.

Now, by contrast, the Movant has changed the meaning of "tracing"; Movant apparently seeks to determine the identity of the paying customers Debtor sold the "collateral" to once she restored it. Such a project would likely foreshadow a spate of demand letters threatening litigation by Movant's counsel – and/or a rash of lawsuits by Movant against Debtor's current and former customers, even though those persons would all be bona fide purchasers for value without notice. This objective – clearly geared towards undermining any economic relationships the Debtor may have with her former customers – was not mentioned in the moving papers or at the hearing. Moreover, the Court did not address any such activity. To the extent that the [proposed] order suggests that this Court gave a green light to such "tracing," it is inaccurate and misleading.

2) The language "and otherwise proceeding under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment" appears to precisely contradict the Court's concern that Movant may proceed with the claims set forth in its complaint against Debtor for conversion and fraud.[2] This extremely broad language – which on its facts means more than permission for the Movant to recover properly secured property – is all the more concerning paired with the language of

---

[1] The term "tracing" was never used in the written motion.

[2] While Movant's counsel could not recall at the hearing whether the complaint which he signed included such causes of action or not, it does. The Opposition pointed that out at 3:4, 3:14, etc., and the Reply did not contradict the fact.

paragraph 4-a, specifically, “As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is: [¶] Terminated as to the Debtor and the Debtor’s bankruptcy estate.”

3) The last sentence of paragraph 11 – that the “stay shall remain in effect with respect to the enforcement of any monetary judgment against the Debtor or property of the Debtor's bankruptcy estate for the Debtor’s pre-petition conduct” – is a sloppy misstatement the law which inappropriately suggests that the Court has dramatically narrowed the scope of the discharge. The bankruptcy discharge was not curtailed, modified, or in any way compromised by this Court.

In fact, the Debtor is now protected by the discharge injunction under 11 U.S.C. section 727 and 524(a)(2). The latter does not bar solely “enforcement of any monetary judgment.” The discharge – which was never objected to – does the following:

> “(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and
>
> “(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor’s spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.”

Thus, for instance, the continuance of state court legal action designed to *obtain* a monetary judgment – which presently does not exist – based upon pre-petition debts or conduct would clearly violate the discharge.

Moreover, while the Court referenced the temporal limitations of discharge orders in general (see 11 U.S.C. §727(b)), the Court expressly noted that no suggestion was being made either way as to whether any inappropriate post-petition conduct occurred in this case.

The Court at the hearing expressly communicated its wish that the parties' counsel work together to craft an order fairly and accurately reflecting the Court's ruling. No effort to do this was made by Movant's counsel.

## II. CONCLUSION.

For all of the foregoing reasons, Debtor SONYA THERIAULT requests that the Court reject the Movant's [Proposed] Order.

Dated: June 12, 2018

Respectfully submitted,

By: */S/ Aidan W. Butler*
Aidan W. Butler
Attorneys for Debtor
SONYA MARIE THERIAULT

**CERTIFICATE OF SERVICE AND NOTICE OF ELECTRONIC FILING**

I declare, as follows: I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3550 Wilshire Blvd., Suite 1924, Los Angeles, CA 90010.

A true and correct copy of the foregoing document entitled:

**OBJECTION TO LODGED [PROPOSED] ORDER (Doc. No. 41)**

will be served or was served

(a) on June 12, 2018on the Honorable Judge Barry Russell via personal service to the bin outside of Suite 1660, U.S. Bankruptcy Court, Roybal Federal Building, 255 E. Temple Street, Los Angeles CA 90012 as required by LBR 5005-2(d);

(b) TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 23, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | | |
|---|---|---|
| United States Trustee (LA)<br>915 Wilshire Blvd, Suite 1850<br>Los Angeles, CA 90017<br>ustpregion16.la.ecf@usdoj.gov<br><br>*U.S. Trustee* | Jason M Rund (TR)<br>Sheridan & Rund<br>840 Apollo Street, Suite 351<br>El Segundo, CA 90245<br>trustee@srlawyers.com<br><br>*Chapter 7 Trustee* | *Kevin I. Shenkman*<br>*SHENKMAN & HUGHES, PC*<br>*28905 Wight Road*<br>*Malibu, California 92605*<br>*kshenkman@shenkmanhughes.com*<br><br>*Counsel for Movant* |

On June 12, 2018, I served the following persons and/or entities at the last known addresses by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Dated: June 12, 2018

*/S/ Aidan W. Butler*
Aidan W. Butler